# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISAIAH L. COLON & LUIS E. COLON<br><br>    Plaintiffs,<br><br>vs.<br><br>HARRISON POLICE DEPARTMENT; DET./SGT. FREDDY LECCA, Individually and in his official capacity as an Officer for the Harrison Police Department; POLICE OFFICER MOUHAMED DIOUF, Individually and in his official capacity as an Officer for the Harrison Police Department; JOHN DOES 1-10 (fictitious names), Individually and in his/her official capacity as a Officers for the Harrison Police Department,<br><br>    Defendants. | Civil Case<br>No._____<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs residing in Harrison, New Jersey, complaining of the

Defendants, say:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and

1343(a)(3). This Court has supplemental jurisdiction over the state law causes of

action under 28 U.S.C. § 1367(a).

2.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

**PARTIES**

3.  Plaintiffs were at all material times residents of Harrison in Hudson County, New Jersey.

4.  Det./Sgt. Freddy Lecca ("Lecca") was a duly appointed Officer of the Harrison Police Department acting under color of law.  Defendant Lecca is being sued individually and in his official capacity.

5.  Defendant Officer Mouhamed Diouf ("Diouf") was a duly appointed Officer of the Harrison Police Department acting under color of law.  Defendant Diouf is being sued individually and in his official capacity.

6.  The Harrison Police Department is and was, at all times relevant to this matter, a division and/or department of the City of Harrison entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of the City of Harrison.

7.  Defendants, John Does 1-10, are presently unknown police officers, detectives, employees, agents and/or representatives of the Harrison Police

Department whose unlawful actions are described, referenced and/or set forth herein. All are being sued individually and in their official capacities.

**CAUSE OF ACTION**

8. On July 8, 2025, at approximately 5:28 p.m., members of the Harrison Police Department were dispatched to the area of 116 Sussex Street on the report of a stolen moped.

9. The caller described the assailants as two Hispanic males wearing shorts and white tank tops and provided the officers with surveillance footage from her residence depicting the theft.

10. Upon reviewing the footage, Lecca identified the two assailants as Lisaiah Colon ("Lisaiah") and Luis Colon ("Luis") based on "previous police encounters."

11. Based on this information, Diouf swore out warrant complaints for Lisaiah and Luis charging them conspiracy to commit theft and theft.

12. Lisaiah and Luis were subsequently arrested on the warrant complaints and taken to the Hudson County Correctional Facility.

13. Lisaiah and Luis were in custody for approximately 36 hours before their release.

14. On September 9, 2025, defense counsel sent the Hudson County Prosecutor's Office an email explaining that the charges were false.

3

15. Counsel's email explained that Luis was in class at Lincoln Tech in Union, New Jersey at the time of the alleged offense.

16. Counsel corroborated this fact with video surveillance from Lincoln Tech which depicts Luis exiting his classroom at 5:58 p.m. as well as his attendance records showing that he was in class for over four hours on July 8, 2025.



17. What is more, contrary to Lecca's statements, Luis has no prior contact with the criminal justice system.

18. Lisaiah, on the other hand, was at home on the date and time in question caring for his younger sister who is autistic.

19. Despite possessing this information and evidence which unequivocally showed that he pinned the theft on the wrong people, Lecca proceeded to perjure himself when he testified in the Grand Jury to obtain an Indictment and cover up his malfeasance.

20. Lecca testified that the individuals that stole the moped were Lisaiah and Luis.

21. The Grand Jurors were concerned about Lecca's identification and asked some follow-up questions to which Lecca further perjured himself.

22. One juror asked Lecca if Lisaiah and Luis' faces are clearly visible on the video footage that he reviewed.

23. Lecca unequivocally responded in the affirmative.

24. As evidenced by the video this was a blatant lie.



25. Another juror then asked Lecca if it was clear from the video which individual was driving the stolen moped.

26. Lecca unequivocally answered under oath that the individual who was operating the stolen moped was Luis.

27. Lecca identified the individual driving the moped as Luis despite having information in his possession and control at the time he testified that established Luis was at school at the exact time the moped was stolen.

28. Lecca's testimony and the corresponding warrant complaint that Diouf swore out were perjure laden and knowingly false.

29. On February 17, 2026, the Indictment against Lisaiah and Luis was dismissed in its entirety.

## FIRST COUNT

**Malicious Prosecution
42 U.S.C. § 1983 and the
New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq.***

30. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.  As a result of the false charges filed Plaintiffs were was compelled to retain the services of an attorney(s) to represent and defend the matter.

32. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiffs by Defendants and Defendants knew or should have known this to be the case.

33. The criminal action against the Plaintiffs was initiated by the Defendants, was actuated by malice, was wholly lacking in probable cause, and the proceeding terminated favorably to the plaintiff given that the matter was dismissed in its entirety on motion of the State.

34. The unlawful actions taken by the Defendants in initiating a prosecution against the Plaintiffs without warrant, justification, and lacking in cause,

probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution, and N.J.'s Constitution and Civil Rights Act.

35. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiffs suffered severe damage to their reputation and standing in the community, suffered severe physical and emotional injury and harm and were forced to undergo the strain, tumult and cost of defending themselves against false charges.

### SECOND COUNT
**False Arrest/Imprisonment**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq.***

36. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. At all relevant times, all individual defendants were the agents, servants and/or employees the Harrison Police Department and were, at all times, acting in their official capacity as law enforcement officers.

38. Plaintiffs were detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

39. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiffs.

40. By reason and/or as a result of Defendants' acts and/or omissions, Plaintiffs were deprived of their liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

**THIRD COUNT**
**Illegal Search and Seizure**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

41. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendants, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly caused Plaintiffs to be searched, detained, arrested, and seized, and caused a criminal complaint to be illegally issued against them.  Defendants had no legal basis to issue charges against Plaintiffs which resulted in their illegal search, detention, arrest, and seizure, and did so maliciously with a motive to improperly detain, arrest, and imprison Plaintiffs.  All of these actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures.

43. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiffs. Defendants are, therefore, liable to Plaintiff for punitive damages.

44. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiffs. Defendants are, therefore, liable to Plaintiff for punitive damages.

45. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs were humiliated, disgraced, suffered damage to their reputation, physical and mental anguish and injury and monetary loss and damage all to their great detriment.

**FOURTH COUNT**
**Municipal Liability**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. At all relevant times, Harrison Police Department, was the employer of the individual defendants and the individual defendants were acting as its agents, servants and employees, under the direction and control of the Harrison Police Department.

48. Harrison Police Department failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the false arrest, improper detention and imprisonment, malicious prosecution and violation of the rights of Plaintiff.

49. The Harrison Police Department acted under color of law pursuant to an official policy or custom and practice of the Harrison Police Department and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the illegal search and seizure and/or false arrest and/or malicious prosecution upon Plaintiffs in violation of the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and/or New Jersey.

50. The Harrison Police Department had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally,

10

knowingly or with deliberate indifference to Plaintiffs' rights, failed or refused to prevent their commission and/or omission.

51. The Harrison Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiffs arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i)    An order from this Court enjoining the Harrison Police Department from continuing its pattern and practice of violating citizens' civil rights;

    (ii)    placement of the Harrison Police Department in receivership for the purpose of instituting programs to train, instruct,

discipline, control, and supervise the officers of the Harrison

Police Department;

(g) and all such other relief as this court may deem

appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action

pending or contemplated. I further certify that I am aware of no other parties who

should be joined in this matter.

DATED: March 15, 2026

Respectfully submitted,


BY:   *s/ Joel Silberman*

Joel Silberman, Esq.
26 Journal Square, Suite 300
Jersey City, New Jersey 07306
Tel. (201) 420-1913
Email joel@joelsilbermanlaw.com
Web www.joelsilbermanlaw.com